UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA DANIELS,

        Plaintiff,

v.                                                             Case No. 8:20-cv-1737-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[2]

### I.  Status

Erica Daniels ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of having insulin-dependent diabetes; hypertension; asthma; heart disease; chronic pain in her hips, left shoulder, and left knee; a bulging disc in her lower back; post-traumatic stress disorder; major depression; sciatica issues; schizophrenia; and bipolar disorder.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed March 8, 2021; Reference Order (Doc. No. 20), entered March 8, 2021.

Modified Transcript of Administrative Proceedings (Doc. No. 23; "Tr." or "administrative transcript"), filed May 21, 2021, at 71, 90, 115, 135, 310.

On April 19, 2017, Plaintiff filed an application for DIB. Tr. at 297-98. On December 7, 2017, Plaintiff filed an application for SSI. Tr. at 288-96.[3] In both applications, Plaintiff alleged a disability onset date of May 16, 2013. Tr. at 288, 297. Plaintiff later amended the alleged disability onset date to March 4, 2016. Tr. at 48. The applications were denied initially, Tr. at 70-88, 108, 109, 112, 162-64 (DIB); Tr. at 89-107, 110, 111, 113, 165-67 (SSI), and upon reconsideration, Tr. at 134-53, 154, 155, 169-74 (DIB); Tr. at 114-33, 156, 157, 175-80 (SSI).

On June 13, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel. See Tr. at 32-49. At the time of the hearing, Plaintiff was forty-eight (48) years old. Tr. at 35. Following the hearing, the ALJ presented written vocational interrogatories to a vocational expert ("VE"), which the VE completed on September 23, 2019 and returned to the ALJ. Tr. at 418-22, 428-31. On January 21, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the

---

[3] Although the DIB application was actually completed on April 19, 2017 and the SSI application was actually completed on December 7, 2017, see Tr. at 297 (DIB), 288 (SSI), the protective filing date of the DIB application is listed elsewhere in the administrative transcript as April 6, 2017 and the protective filing date of the SSI application is listed elsewhere as April 19, 2017, see, e.g., Tr. at 71, 135 (DIB), 90, 115 (SSI).

2

date of the Decision.[4] See Tr. at 15-24.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 283-86 (request for review). On June 10, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On July 28, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in failing to identify and resolve conflicts between the VE's responses to the interrogatories and the Dictionary of Occupational Titles ("DOT"). Joint Memorandum (Doc. No. 26), filed July 22, 2021, at 4-10. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[4]  The administrative transcript also contains an ALJ decision dated March 3, 2016 that adjudicated earlier-filed DIB and SSI claims. Tr. at 53-64.

[5]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-24. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 4, 2016, the amended alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: Major Depressive Disorder, Posttraumatic Stress Disorder, Osteoarthritis, Sciatica, Obesity, Status Post-Cerebrovascular Accident, Diabetes Mellitus, Hypertension, Degenerative Joint Disease, Degenerative Disc Disease, Rotator Cuff Strain/Tear, Asthma, Coronary Artery Disease, and Chronic Obstructive Pulmonary Disease." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally, and 10 pounds frequently; sit for 5 hours in an 8 hour day; stand for 4 hours in an 8 hour day; and walk for 3 hours in an 8 hour day. She requires a sit/stand option with an alternating interval of 4 hours. She can frequently push and/or pull with the upper extremities, reach above shoulder level with both arms, reach waist to chest with both arms, handle with both hands, finger with both hands, and feel with both hands. She can occasionally balance and stoop but cannot climb stairs and ramps, climb ladders and scaffolds, kneel, crouch, or crawl. She can occasionally work around high, exposed places; moving, mechanical parts; humidity and wetness; pulmonary irritants; extreme cold; extreme heat; and vibrations. She is able to perform simple, routine, repetitive tasks and is able to understand, remember, and carry out simple instructions. She is limited to work that requires occasional changes in the work setting and is limited to work that requires occasional interaction with the public, coworkers, and supervisors.

Tr. at 19-20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Medical Record Clerk." Tr. at 23 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's interrogatory responses and found that "there are

5

jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (some emphasis and citation omitted), such as "Mail Clerk," "Marker," and "Office Helper," Tr. at 24. The ALJ concluded Plaintiff "has not been under a disability . . . from March 4, 2016, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the ALJ erred in failing to resolve an apparent conflict between the reasoning level of one of the jobs identified by the VE—Mail Clerk—and the description of this job in the DOT. Joint Memo at 4-10.[6] Defendant counters that the Court need not reach the issue of any apparent conflict in the Mail Clerk job and the DOT because the other two jobs identified by the VE—Marker and Office Helper—are unchallenged in this regard and carry reasoning levels that are not in apparent conflict with the DOT. Id. at 12-15.

An ALJ poses a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the

---

[6] Plaintiff argues "there were several apparent inconsistencies" between the VE's interrogatory responses and the DOT, but the only alleged inconsistency Plaintiff specifically points to is the Mail Clerk job reasoning level. Joint Memo at 9-10. Plaintiff mounts no challenge to the VE providing interrogatory responses rather than testifying live at a hearing; instead, Plaintiff actually refers to the responses as the VE's "testimony." Id. at 9.

testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315 (11th Cir. 2021); SSR 00-4P, 2000 WL 1898704, at *2. Here, Defendant correctly asserts that the Court need not reach the issue of whether there are apparent conflicts between the VE's response and the DOT as to the Mail Clerk job because the existence of 95,000 of the Marker jobs and 400,000 of the Officer Helper jobs in the national economy, see Tr. at 24, 430, alone constitutes substantial evidence upon which the ALJ could base the step five findings. These jobs, carrying a reasoning level of 2 (as opposed to 3 for the challenged job), are unchallenged and are not in apparent conflict with the description set forth in the DOT. See, e.g., Buckwalter, 5 F. 4th at 1319-24. There is no reversible error in this regard.

8

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 23, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record